Patrick Richard **WEBER;**
et al., **Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civ. No. 3–90–CV–10033.**

United States District Court,
S.D. Iowa,
Davenport Division.

July 29, 1994.

J. Bryan Schulte, Ruther Bauer Schulte & Hahn, Steven J. Crowley, Crowley Law Firm, Burlington, IA, for Robert J. Todd.

---

J. Bryan Schulte, Ruther Bauer Schulte & Hahn, Mary Ann Brown, Bauer Schulte Hahn, Steven J. Crowley, Crowley Law Firm, Burlington, IA, for Patrick Richard Weber, Edith Kelly.

Daniel J. Hanson, Henry A. Harmon, Grefe & Sidney, Des Moines, IA, for State Farm Mut. Auto. Ins. Co.

Charles W. Brooke, Noyes & Obrien, Davenport, IA, for Daniel E. Cahill.

J. Bryan Schulte, Ruther Bauer Schulte & Hahn, Burlington, IA, Mary Ann Brown, Bauer Schulte Hahn, Burlington, IA, for Kelly Joseph Weber.

## ORDER

LONGSTAFF, District Judge:

This matter is now before the Court upon the motion in limine filed by State Farm Mutual Automobile Insurance Company (State Farm) on June 13, 1994. A resistance thereto was filed by plaintiffs on June 27, 1994. State Farm then filed a reply on July 19, 1994. In connection with its resistance, the plaintiffs also submitted for an in camera inspection a summary of the six claim files which they have selected to offer in their case.

During discovery, the plaintiffs inspected 1,300 files of the defendant in an attempt to locate files which would be probative on the issues to be litigated in the above-entitled case. Plaintiffs have now selected six files which, in their viewpoint, are most probative in that regard. In their filings on this motion, both parties have made persuasive arguments as to both similarities and dissimilarities with regard to the six files and their probative value in this case. This is a difficult and extremely close issue which, unfortunately, must be resolved prior to commencement of trial to allow the case to proceed in an orderly fashion. After careful consideration of the files, the Court finds the six files do contain probative evidence admissible under Federal Rule of Evidence 404(b), that the evidence is relevant to issues which will be determined in the above litigation, and the probative value of the evidence is not substantially outweighed by the counterveiling factors of Rule 403. However, the Court

believes that an appropriate cautionary instruction with regard to the limited uses of this evidence must be given to the jury during the Court's introductory instructions. Accordingly, counsel for the parties are directed to submit proposed cautionary instructions regarding this evidence at the final pretrial conference.

Defendants' motion in limine is denied insofar as it seeks to exclude evidence of the six claim files selected by the plaintiffs on the issue of defendants' intent. Appropriate cautionary instructions must be submitted at the final pretrial conference as indicated above.

IT IS SO ORDERED.